*27 JUSTICE WEBER,
specially concurring:
As I agree with the legal analysis of the majority opinion, I join in the holding.
In RAE I, 760 P.2d at 757, we stated:
“RAE has the power to sue under 7-13-2217(l)(b), MCA. We conclude that under that statute and 7-13-2301, MCA, RAE has the power to bring an action to collect the delinquent assessments from Mr. Trunk, without referring the same to the county for collection as taxes. We recognize that this conclusion contradicts the ruling of the district court in the first action brought by RAE. Unfortunately, RAE chose not to appeal the judgment in that case.”
The foregoing constitute the Court’s conclusion that RAE had the power to sue under the statute and the power to bring an action to collect the delinquent assessments from Mr. Trunk. That is the procedure followed in the present action which we are now considering on this appeal.
I am not able to join in the conclusion stated by the majority: “Any discussion by this Court of the underlying validity of the assessments themselves was therefore dicta and not binding for purposes of this appeal.” (Emphasis added.) Technically, it is true that the stated conclusions were dicta because the only issue presented in the case was whether or not the county had a duty to collect the delinquent assessments, but that does not address the clear suggestion made by the Court of the appropriate procedure.
I believe it more appropriate to acknowledge that we made a mistake in RAE 7. It is true that we did not have all of the facts before us in RAE I, and it is also true that the present case establishes that the conclusion in RAE 7 was incorrect. As the author of RAE 7,1 prefer to acknowledge our mistake in reaching the stated conclusions, rather than using a theory of dicta to disclaim responsibility.